UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAESEAN VANHOOK,<br><br>             Petitioner,<br><br>    v.<br><br>ROBERT BURTON,<br><br>             Respondent. | No.  2:20-cv-0105 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondent moves to dismiss this action as premature because direct review of petitioner's conviction is pending in the California Court of Appeal.  Petitioner's motion for stay pending such direct review is also pending.  For the reasons stated below, respondent's motion should be granted, petitioner's motion for stay should be denied, and this action should be dismissed without prejudice.

II. Motion to Dismiss

This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that

---

[1] This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1).

the petitioner is not entitled to relief in the district court. . . ." Id.  As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

A.  Background

Petitioner commenced this action on January 14, 2020.  He challenges his October 19, 2015, conviction of attempted murder, first degree burglary, attempted home invasion robbery, felon in possession of a firearm, and manufacture of a short-barreled shotgun.  (ECF Nos. 1 at 1; 8-1 at 1.)  Criminal threats and false imprisonment, and various enhancements were imposed. (ECF No. 1 at 1.)  Petitioner was sentenced to 43 years in state prison.  (Id.)

Petitioner appealed his sentence.  On August 1, 2018, the California Court of Appeal affirmed the conviction, but remanded the case to the trial court "to consider whether to exercise its discretion to strike [petitioner's] firearm enhancements."  (ECF No. 8-2 at 11.)

The California Supreme Court denied review on October 17, 2018.  (ECF No. 8-3, 4.)

On May 28, 2019, the trial court heard the issue of remand, and petitioner's May 23, 2019 motion to retroactively strike or dismiss the firearm and prior prison term enhancements, based on California Senate Bill 620 and 1393 (effective January 1, 2018).  (ECF Nos. 8-5 at 71; 14-1.)  The trial court declined to strike the enhancements and denied petitioner's motion.  (Id.)

Petitioner filed an appeal on July 22, 2019.  (ECF No. 8-5 at 72; 14-2 at 1.)  The California Court of Appeal ordered briefing.  (ECF No. 14-2.)  On August 13, 2020, the case was fully briefed.[2]  The People v. Vanhook, No. C090019.  No decision has yet issued; thus,

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

petitioner's appeal remains pending.

B.  Discussion

It is premature for this court to review petitioner's collateral attack on his conviction before the state court has had the opportunity to adjudicate the claims raised in his appeal.  See Younger v. Harris, 401 U.S. 37 (1971).  Under Younger, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances.  Id. at 49, 53.  Younger abstention prevents a court from exercising jurisdiction when three criteria are met:  1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.  H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

All three Younger criteria are satisfied here.  First, petitioner filed this action while his appeal was pending in the California Court of Appeal, thus state court proceedings were ongoing at the time the instant petition was filed.  Second, resentencing proceedings implicate an important state interest in enforcing criminal laws without federal interference.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief," citing Younger, 401 U.S. at 44-45.)  And third, the California state courts provide an adequate forum in which petitioner may pursue his claims.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  When the state proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas relief.  Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction.").  Thus, the undersigned cannot find that extraordinary circumstances warrant intervention by this court.

Finally, "courts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL 4341595, at *4

3

(C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020); Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); adopted, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

Accordingly, the undersigned recommends that this action be dismissed as barred by Younger.

III.  Motion for Stay

In his motion for stay, petitioner seeks stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005), rather than dismissal of this action.  (ECF No. 10.)  Petitioner argues that his unexhausted claim is timely, and because such claim solely relates to sentencing, not a reversal of petitioner's conviction, petitioner's exhausted claims are not implicated.  (ECF No. 10-1 at 3.) Respondent argues that petitioner failed to demonstrate he is entitled to a stay under Rhines.

A district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if:  (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (courts also have discretion to stay and hold in abeyance fully unexhausted petition under Rhines.).  Each of these three conditions must be satisfied because, as the court emphasized, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  Rhines, 544 U.S. at 277.

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail."  Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good

4

cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278). The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an 'extraordinary circumstances' standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

Initially, the undersigned observes that despite setting forth the three conditions required to obtain a stay under Rhines, petitioner did not address such conditions in his motion or reply. (ECF No. 10-1 at 3.) Rather, petitioner argued that the proposed unexhausted claim is timely, and the stay is appropriate because Sherwood v. Tomkins, 726 F.2d 632, 634 (9th Cir. 1983), does not apply because the appeal pending in state court could only result in a reduction in petitioner's sentence, not a reversal of his conviction. (ECF No. 10-1 at 3.) In his reply, petitioner cites the state court's limited remand and then argues that whether or not this court finds that such "ruling is cognizable on federal habeas review, a stay is appropriate." (ECF No. 13 at 1-2.) But petitioner is mistaken. Review under Rhines involves the evaluation of petitioner's unexhausted claim, and requires petitioner to demonstrate that such claim is potentially meritorious.

The undersigned finds that a stay is not appropriate. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007), quoting Berman v. United States, 302 U.S. 211, 212 (1937). Until petitioner's judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. See Burton, 549 U.S. at 156-57. Because the statute of limitations period for the filing of a federal habeas petition has not yet begun to run, it would be inappropriate to grant a stay and abeyance. Bennett v. Fisher, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015)

(stay inappropriate where limitations period has not even begun to run); Henderson v. Martel, 2010 WL 2179913, at *6-7 (E.D. Cal. May 26, 2010) (denying petitioner's renewed motion for a stay and abeyance as premature). As argued by respondent, because the limitations period has not yet begun to run, there is no need to file a protective federal petition.

In addition, petitioner fails to demonstrate that any putative unexhausted claim is potentially meritorious. Indeed, as argued by respondent, in the motion for stay, petitioner fails to specifically set forth what federal claim or claims he intends to exhaust. Rather, petitioner simply sets forth the procedural history of the case. (ECF No. 10-1 at 2.) In his reply, petitioner states that he seeks a stay to "exhaust an unexhausted claim based on Senate Bill 620, a law that ended the statutory prohibition on a court's discretion to strike or dismiss a firearm enhancement allegation or finding." (ECF No. 13 at 1.) But petitioner fails to demonstrate such unexhausted claim, as articulated, states a cognizable federal habeas claim, must less that it could be potentially meritorious.

Finally, the record does not reflect that petitioner engaged in intentionally dilatory litigation tactics.

Therefore, because petitioner failed to demonstrate all three conditions under Rhines, petitioner's motion for stay should be denied.

III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 6) be granted;

2. Petitioner's motion for stay (ECF No. 10) be denied; and

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/vanh0105.mtd.younger.sty

7